Argued April 23, affirmed August 20, reconsideration denied
September 13, petition for review denied October 23,
petition for review reconsidered and allowed November 7, 1979

In the Matter of the Estate of
Donna Mae White, Deceased.
HUGHES et al,
*Appellants,*
*v.*
WHITE,
*Respondent.*

(No. 74-101, CA 11077)

599 P2d 1147

Ferris F. Boothe, Portland, argued the cause and filed the briefs for appellants.

Gerald R. Pullen, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

TANZER, J.

**TANZER, J.**

This is an appeal from two orders in probate involving the settlement of a wrongful death action and the apportionment of the settlement proceeds. The issues are whether the surviving children have a right to object to the settlement and the amount of attorney fees to be paid from the settlement proceeds.

Donna White was killed in an automobile-train collision in June, 1974, in Douglas County. She died intestate and was survived by her husband, three children from a previous marriage, and her parents. Her husband, who was driving the car, and her three children were injured in the crash. After the children were released from the hospital, they went to live with their father in California.

Decedent's husband, Noel White, was appointed personal representative. In that capacity, he filed a wrongful death action against the Southern Pacific Company in December, 1974. Through his attorney, he notified the children and their father of the filing of the wrongful death action. Thereafter, without further notice to the children or their attorney, he negotiated a settlement agreement with Southern Pacific for $60,000. On November 5, 1976, he filed a petition in probate court for authority to settle the wrongful death claim. On the same day, the probate court entered an ex parte order authorizing the settlement. On November 10, the attorney for the personal representative sent a letter to the children informing them of the settlement.

On May 9, 1977, after a guardian ad litem had been appointed, the three children filed motions to intervene and to set aside the order approving the settlement. The grounds for the motions were that the children's interests had not been adequately represented by the personal representative[1] and that the

---

[1] Appellants' brief contains extensive criticism of the legal skills and ethical practices of the attorney who represented the personal representative in the wrongful death proceeding. He is not the lawyer on appeal. Resolution of this case does not call for us to approve or disapprove of the conduct of the attorney or his handling of the case.

settlement was detrimental to their interests.[2] Relying principally on ORS 30.070, set out below, the probate court denied the motions to intervene and to set aside the settlement. The denial of these motions is the first ground of the appeal to this court.

The personal representative did not initiate a hearing to apportion the settlement proceeds as required by ORS 30.040. Instead, he deducted litigation costs and attorney fees from the settlement proceeds and divided the remainder into two equal parts, half for the children and half for himself as husband of the decedent. The children returned their check for $18,309 of the proceeds to White uncashed. On the children's motion, the court held an apportionment hearing at which the husband, children and parents testified about their losses of the society, companionship and services of the decedent. Pursuant to ORS 30.030, 30.040 and 30.020(2)(d), the court approved payment of funeral expenses and costs of litigation, including $20,000 attorney fees, and apportioned the balance of the settlement proceeds as follows: 20 percent to the decedent's spouse, 20 percent to each of her three children, and 10 percent to each of her parents. The children and parents appeal from that portion of the apportionment order awarding attorney fees, contending that it was error to apply the contingent fee agreement between the attorney and the personal representative to the full amount of the settlement proceeds rather than to the amount apportioned to the husband in his personal capacity.

## INTERVENTION

The relationship of the personal representative, the decedent and the beneficiaries of an estate is regulated by statute.[3] The general thrust of the probate statutory scheme is that the personal representative has

---

[2] The alleged conflict involves the possibility of Noel White's contributory negligence in the decedent's death. *See* note 4, *infra.*

[3] Appellants make no due process contention.

broad powers to conduct the business of the estate unimpeded by costly and inexpedient procedural requirements and that the beneficiaries may be heard at the accounting or may sue for breach of fiduciary duty. The statutory procedures for settlement of wrongful death cases is consistent with that general pattern except that it provides for probate court approval of the settlement and notice and hearing for the beneficiaries in the allocation of the proceeds. In particular, the personal representative is authorized by ORS 30.070 to settle wrongful death claims:

> "The personal representative of the decedent, with the approval of the court of appointment, shall have full power to compromise and settle any claim of the class described in ORS 30.030, [including wrongful death claims] whether the claim is reduced to judgment or not, and to execute such releases and other instruments as may be necessary to satisfy and discharge the claim. The party paying any such claim or judgment, whether in full or in part, or in an amount agreed upon in compromise, shall not be required to see that the amount paid is applied or apportioned as provided in ORS 30.030 to 30.060, but shall be fully discharged from all liability on payment to the personal representative."

In *Anderson, Adm. v. Clough et al.,* 191 Or 292, 307, 230 P2d 204 (1951), the Supreme Court stated in dicta that this statute permits the personal representative "to settle a claim for damages for the wrongful death of his intestate without the consent of the beneficiaries, provided such settlement is approved by the probate court * * *." *See also* Kester, *Procedure in Wrongful Death Actions,* 29 Or L Rev 31, 43 (1949).

Appellants contend that ORS 30.070 must be construed to require that anyone having an interest in the settlement must be adequately represented in the proceeding to obtain court approval of the settlement. They contend that because their interests were arguably in conflict with those of the decedent's husband in

[443]

this case,[4] he could not adequately represent them in his capacity as personal representative, and that at a miminum they were entitled to notice and an opportunity to appear and object to the settlement.

■ The plain language of ORS 30.070 grants the personal representative "full power" to settle a wrongful death claim with the approval of the probate court. We should construe the statute in harmony with the scheme of ORS 114.255 et seq., which set out the general duties and powers of personal representatives. The statutory scheme is designed to provide an expeditious means of settling and distributing the estate, ORS 114.265. Under ORS 114.275, 114.305 and 114.325, the personal representative has authority to conduct a wide variety of transactions, many of which may have major financial consequences to the beneficiaries of the estate, without court approval. Where the personal representative seeks to settle a wrongful death claim, ORS 30.070 provides greater protection to the beneficiaries by requiring court approval of the settlement. The statute does not require notice to the beneficiaries or grant them a right to intervene in the proceeding to approve the settlement and there is no basis for inferring that the legislature intended such a requirement to be read into the statute. *Cf. Boggs v. Multnomah County,* 2 Or App 517, 518-19, 470 P2d 159 (1970). *See generally* Annotation, 72 ALR2d 285, 297 (1960). They may be heard as a matter of right regarding allocation of the proceeds. If the personal representative breached his fiduciary duty by settling the case as he did, the beneficiaries have a remedy under ORS 114.395 and 114.405.

■ Under the statutory procedural scheme as applied to this case, the beneficiaries were entitled to be heard prior to allocation and they were so heard. The earlier

---

[4] There was some evidence that Noel White was contributorily negligent in the collision which caused decedent's death. Appellants contend that a conflict of interest arose because it was in White's interest to settle the claim rather than proceed to a trial in which his recovery, but not the children's, might be reduced by his own negligence.

denial of their motion to intervene and to set aside the order approving the settlement was proper. We do not hold that the probate court has no authority to permit such intervention. We hold only that in this case, where the children's motion to intervene and set aside the approval of the settlement was filed approximately six months after the proceeding in question, denial of the motion was not an abuse of discretion.

## ATTORNEY FEES

■ Before the wrongful death action was filed, Noel White, acting as personal representative, and his attorney entered into a contingent fee agreement providing that the attorney would receive one-third of any amount collected after filing of the wrongful death . action. Appellants urge that the one-third contingent fee agreement should be applied only to White's personal portion of the settlement proceeds because he and the attorney opposed appellants' motions to intervene and have the settlement set aside and because they took other positions contrary to appellants' interests.

The attorney and the personal representative contracted for services which related to securing a recovery on behalf of the estate without reference to how the proceeds were ultimately to be allocated. His services were equally a cost of obtaining the 80 percent which was allocated to the other beneficiaries as of the 20 percent which went to Noel White. As with the settlement itself, the actions of the personal representative bind the beneficiaries just as they inure to the beneficiaries' benefit. The contingent fee agreement was customary and reasonable, and appellants have no right to a unilateral avoidance of the cost of securing the proceeds of which they now have the benefit.

Affirmed.