Argued August 31, reversed and remanded for trial October 29,
reconsideration denied December 13,
petition for review denied December 27, 1979 (288 Or 253)

BAXTER, *Appellant,*
*v.*
ZELLER, et al, *Respondents.*

(No. A7804 06515, CA 13364)

601 P2d 902

Robert Schneider, Portland, argued the cause for appellant. With him on the brief was James M. Pippin, Portland.

Elizabeth K. Reeve, Portland, argued the cause for respondent Werner E. Zeller, M.D. With her on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe, Ridgway K. Foley, Jr., and Mark H. Wagner, Portland.

Margaret H. Leek Leiberan, Portland, argued the cause for respondent Woodland Park Hospital. With her on the brief were Lang, Klein, Wolf, Smith, Griffith & Hallmark and Robert M. Keating, Portland.

Before Buttler, Presiding Judge, and Gillette, and Roberts, Judges.

GILLETTE, J.

## GILLETTE, J.

Plaintiff, personal representative of the estate of Zoe A. Oliver, filed this wrongful death action seeking to recover damages suffered by the decedent's estate and her beneficiaries as a result of the alleged negligence of the defendants, Werner E. Zeller, M.D., and Woodland Park Hospital. The trial court sustained demurrers of both defendants and entered judgements against plaintiff based upon the running of the statute of limitations for medical malpractice. Plaintiff appeals. We reverse.

On March 26, 1976, decedent was admitted to Woodland Park Hospital for surgical repair of an ulcer condition. Dr. Zeller performed the surgery and treated the decedent post-operatively until her discharge from the hospital on April 7, 1976. On that same day, subsequent to her discharge, plaintiff died from internal bleeding.

In October, 1976, the plaintiff was appointed personal representative for decedent's estate. On April 20, 1978, he filed this action for wrongful death. The complaint alleges that the defendants were negligent in a number of respects and that, as a direct and proximate result of this negligence, the decedent suffered from internal hemorrhaging and died. On June 12, 1978, defendant Zeller filed an answer generally denying plaintiff's complaint. On July 7, 1978, plaintiff filed an amended complaint which defendant Zeller again denied generally. On August 1, 1978, defendant Woodland Park filed a demurrer on the ground that the action was barred by the two-year statute of limitation for medical malpractice. ORS 12.110(4).

The trial court sustained the hospital's demurrer on the basis that ORS 12.110(4) applied. The defendant Zeller's demurrer was sustained on the theory that the sustaining of the co-defendant's demurrer inured to defendant Zeller's benefit. Plaintiff assigns error to the granting of each demurrer. Different issues arise

under the two demurrers, but a common issue predominates and we decide the case on the basis of the common issue.

Defendants' demurrers raised the single issue of the applicable statute of limitations. If the statute relating to medical malpractice actions is applicable, the demurrer was correctly sustained. If the statute relating to wrongful death actions is applicable, the trial court erred.

Oregon's medical malpractice statute of limitations is ORS 12.110(4), which provides

"* * * * *

"(4) An action to recover damages for injuries to the person arising from any medical, surgical or dental treatment, omission or operation shall be commenced within two years from the date when the injury is first discovered or in the exercise of reasonable care should have been discovered. However, notwithstanding the provisions of ORS 12.160, every such action shall be commenced within five years from the date of the treatment, omission or operation upon which the action is based or, if there has been no action commenced within five years because of fraud, deceit or misleading representation, then within two years from the date such fraud, deceit or misleading representation is discovered or in the exercise of reasonable care should have been discovered."

The wrongful death statute of limitations is ORS 30.020(1), which provides

"(1) When the death of a person is caused by the wrongful act or omission of another, the personal representative of the decedent, for the benefit of the decedent's surviving spouse, surviving children, surviving parents and other individuals, if any, who under the law of intestate succession of the state of the decedent's domicile would be entitled to inherit the personal property of the decedent, may maintain an action against the wrongdoer, if the decedent might have maintained an action, had he lived, against the wrongdoer for an injury done by the same

act or omission. The action shall be commenced within three years after the occurrence of the injury causing the death of the decedent."

■ The trial court applied ORS 12.110(4), apparently reasoning that the statute was applicable because the specific alleged wrongful acts in this case constituted medical malpractice and the specific statute should govern. This is a reasonable view, but we conclude that it is ORS 30.020.(1) which is applicable.

■ We note first that ORS 12.110(4) speaks of "[a]n action to recover damages for *injuries* to the person." (Emphasis added.) By contrast, ORS 30.020(1) applies "[w]hen the *death* of a person is caused by [a] wrongful act." (Emphasis added.) This is a *death* case, but the applicability of ORS 30.020(1) derives from more than a label.

At common law, there existed no civil remedy for wrongfully causing death. Any cause of action arising as a result of an injury to a person was extinguished by the death of the person. *Cowgill, Adm'r v. Boock, Adm'r,* 189 Or 282, 218 P2d 445, 19 ALR2d 405 (1950). At common law, therefore, this proceeding—whether deriving liability from medical malpractice or some other wrongful act—could not have been brought after the patient died. The existence of a cause of action for medical malpractice (and, *a fortiori,* the existence of a statute of limitations for such an action) was irrelevant.

The enactment of the wrongful death statute, however, created a new and separate cause of action which could arise if death was caused by *any* wrongful act. Its three-year statutory period was a part of that right. *Richard v. Slate,* 239 Or 164, 396 P2d 900 (1964). *See also Apitz v. Dames,* 205 Or 242, 287 P2d 585 (1955). Full vindication of the right dictates that the limitation found in ORS 30.020(1) be applied in this case.

Defendants argue that a contrary result is dictated by *Johnson v.Star Machinery Company,* 270 Or 694, 530 P2d 53 (1974). In *Johnson,* a wrongful death case,

decedent had been killed when a plywood sander malfunctioned. Defendant was the manufacturer of the sander. The personal representative brought an action within three years of decedent's death but more than 10 years after the manufacture and sale of the sander. ORS 12.115(1)—the statute of ultimate repose—was held to govern and to bar the wrongful death action even though that action was otherwise timely.

We find *Johnson* to be distinguishable. The policy found in ORS 12.115(1) is an overriding one: it lays to rest stale claims. By contrast, the limitation found in ORS 12.110(4) is subject to a number of exceptions. Because of the exceptions, and even if we found the statute's language applicable, there would be no reason to assume that the legislature intended that the policy embodied in ORS 12.110(4) prevail over the policy embodied in the wrongful death statute. The policies of both are vindicated by the construction we give them here.

Because of the disposition we make of this case, we are not required to reach plaintiff's separate assignment of error with respect to the demurrer of defendant Zeller.

Reversed and remanded.