Argued and submitted January 8, affirmed April 8, 1980

In the Matter of the Estate of
Donna Mae White, Deceased.

HUGHES et al,
*Petitioners,*

*v.*

WHITE,
*Respondent.*

(No. 74-101, CA 11077, SC 26456)

609 P2d 365

Ferris F. Boothe, of Black, Kendall, Tremaine, Boothe & Higgins, Portland, argued the cause and filed the briefs for petitioners.

Gerald R. Pullen, Portland, argued the cause and filed the brief for respondent.

Before Denecke, Chief Justice, and Tongue, Howell, Lent, Linde, and Peterson, Justices.

DENECKE, C. J.

## DENECKE, C. J.

The central issue in this case is the proper construction of ORS 30.070, which provides that the personal representative of a decedent "with the approval of the court of appointment," has full power to settle an action for the decedent's wrongful death.[1]

In this case the personal representative is the surviving spouse of the decedent. The parties agree that those entitled to share in the distribution of the proceeds of the wrongful death claim or its settlement were the spouse himself, the decedent's parents, and her children by a former marriage. See ORS 30.020(1) and 30.030. We will refer to the parents and children collectively as the petitioners.

The surviving spouse, in his capacity as personal representative, negotiated a settlement with the alleged tortfeasor and applied to the probate court for approval, which was granted. The petitioners had received no notice that a settlement was to be submitted to the court for approval and had no opportunity to object before the court acted.

The children, who had gone to live with their natural father in California after their mother's death and who were represented by counsel, were notified of the approval of the settlement within a few days. About six months later they petitioned for the appointment of a guardian ad litem who asked, on their behalf, leave to intervene and requested that the order approving the settlement be set aside. After

---

[1] That statute provides:

"The personal representative of the decedent, with the approval of the court of appointment, shall have full power to compromise and settle any claim of the class described in ORS 30.030, whether the claim is reduced to judgment or not, and to execute such releases and other instruments as may be necessary to satisfy and discharge the claim. The party paying any such claim or judgment, whether in full or in part, or in an amount agreed upon in compromise, shall not be required to see that the amount paid is applied or apportioned as provided in ORS 30.030 to 30.060, but shall be fully discharged from all liability on payment to the personal representative."

hearing, the probate court denied that relief. Later the court held a hearing to determine the proper allocation of the proceeds of the settlement. All of the petitioners participated in that hearing. Petitioners appealed; they did not contest the order of allocation, but contended the order denying the children's request to intervene and set aside the approval of the settlement, and that portion of the final order of distribution which directed that attorney fees be deducted from the proceeds before the money was apportioned among the beneficiaries were erroneous. The Court of Appeals affirmed in all respects. 41 Or App 439, 599 P2d 1147 (1979).

The Court of Appeals held that under the wrongful death statutes the children were not entitled to intervene as a matter of right in the proceeding for approval of the settlement. That court also held that although the probate court may have the authority to permit intervention by beneficiaries in such a proceeding, it did not abuse its discretion by failing to do so in this case considering the lapse of time between the proceeding complained of and the motion to intervene.

Petitioners contend in this court that if the statute is properly construed, then intervention is a matter of right. Their position, in essence, is that the words "with the approval of the court of appointment" must be construed to require that interested persons be given notice and an opportunity to be heard because, if it is not so construed, the court's approval may be based on inadequate information or on a one-sided view of the reasonableness of the settlement. The legislature must have intended, they argue, that the court's approval be an informed approval.

We have said that the personal representative, when bringing an action for the wrongful death of his decedent, acts solely for the benefit of the persons entitled to share in its proceeds. See, *e.g., Christensen v. Epley,* 287 Or 539, 545, 601 P2d 1216 (1979); *Anderson, Adm. v. Clough,* 191 Or 292, 306, 230 P2d 204 (1951). It is clear that the personal

representative, in his management of a wrongful death claim, acts as a fiduciary exactly as he does in his management of the decedent's estate itself. The legislature has elsewhere authorized fiduciaries, including personal representatives, to deal extensively with the property and claims of those for whose benefit they act without prior court approval.[2] If that authority is abused, the remedy is an action by the beneficiaries against the fiduciary. The legislature could have given the personal representative a similar unfettered authority to settle wrongful death claims. It chose instead to condition that authority on prior court approval but made no provision, as it could easily have done, for notice to and participation by the beneficiaries.

■     The Court of Appeals concluded that, although the beneficiaries have a right to be heard regarding allocation of the proceeds of a settlement, there is no basis for inferring that the legislature intended them to have a right to participate in the proceedings for approval of the settlement. We agree.

ORS 30.060 provides that any person who claims to be a beneficiary of the wrongful death claim may appeal from the order of distribution of the proceeds. From this we infer that the legislature intended the beneficiaries to be made parties to the distribution proceeding. There is, however, nothing in the statutory scheme suggesting that their participation is required at the settlement stage.

Petitioners have cited cases from other jurisdictions which hold or suggest that the beneficiaries of a wrongful death action are to be notified or allowed to participate when the person given control of the action by statute proposes that the action be settled. These cases were decided under statutory schemes which differ from ours, and do not persuade us that ORS

---

[2] *See, e.g.,* ORS 114.275, 114.305 (administration of estate by personal representative); ORS 126.080 (guardian of minor); ORS 126.137 (guardian of incapacitated person); ORS 126.313 (conservator); ORS 128.009 (trustee); *Hansen v. Bussman,* 287 Or 527, 601 P2d 794 (1979); ORS 126.313(19) (conservator settling claim).

30.070 must be interpreted to require notice to the beneficiaries, and an opportunity to object, before the court may approve the settlement. None of them were decided under statutes with language comparable to the express provision in ORS 30.070 that the personal representative has "full power" to settle a claim.

■     Petitioners contend that if we construe the statute to permit court approval of the settlement on *ex parte* application by the personal representative, the statute will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. This contention is based on the assumption that a claim for wrongful death is "property" or an "entitlement" within the meaning of the Due Process Clause.[3] That assumption is incorrect.

Actions for wrongful death are purely statutory and exist only in the form and with the limitations chosen by the legislature.[4] Our legislature has assigned this cause of action to the personal representative and directed that its management be under his control except as the statutes otherwise provide. Inherent in the statutory scheme is the requirement that the action be managed in the interest of the beneficiaries, but the legislature has chosen not to give them a role in that management. Their rights are to share in the distribution of the proceeds realized by the personal representative by prosecution of the action or by settlement, ORS 30.030, and to a remedy against the personal representative if, in his management of the claim, he breaches his fiduciary duty. ORS 116.063(2)(b); 114.395. The legislature has not given the beneficiaries the equivalent of a property right in the unliquidated claim itself.[5]

---

[3] *See, e.g., Memphis Light, Gas & Water Div. v. Craft,* 436 US 1, 9, 98 S Ct 1554, 56 L Ed2d 30 (1978); *Fuentes v. Shevin,* 407 US 67, 69, 92 S Ct 1983, 32 L Ed2d 556 (1972).

[4] *Ross v. Robinson,* 169 Or 293, 318, 124 P2d 918, 128 P2d 956 (1942).

[5] In *Anderson, Adm. v. Clough,* 191 Or 292, 306, 230 P2d 204 (1951), we said that the cause of action for wrongful death "belongs" to the

We have said above that the wrongful death statutes, by implication, require notice and opportunity for objection before the court finally determines the disposition of the proceeds of a settlement. At that time, then, the beneficiaries are entitled to notice that a settlement has been approved and they then have an opportunity, if they have grounds for objecting to the personal representative's handling of the claim, to bring those objections before the probate court when the personal representative seeks final release from liability in connection with the exercise of his fiduciary duties. See ORS 116.123.

In summary, the approval of a settlement without notice to the beneficiaries does not deprive them of the rights to which they are entitled under the wrongful death statutes: the right to share in the proceeds of the action or its settlement and to have an action against the personal representative if he breaches his duties in its management. We see no constitutional obstacle to applying ORS 30.070 according to its express terms.[6]

Petitioners also argue that the trial court erred in holding that the attorney fees incurred by the personal representative in preparing and settling the wrongful death action should be charged against the petitioners' share of the settlement proceeds as well as against the personal representative's share.

ORS 30.030(2) provides that the expenses of prosecuting a wrongful death claim are to be paid

---

statutory beneficiaries and "is vested" in them. *See, also, Ross v. Robinson,* 169 Or 293, 317, 124 P2d 918, 128 P2d 956 (1942). The issue we were addressing, however, was the identification of those persons entitled to share in the proceeds of the claim. We were not called upon to characterize the nature of the beneficiaries' interest in the claim for due process purposes.

[6] Apart from statutory or constitutional requirements, if all the beneficiaries are not represented at the hearing before the probate court for approval of a settlement, it would be appropriate for the court to make sufficient inquiry to satisfy itself that the settlement is in the best interests of all the beneficiaries.

from the proceeds. The amount of the attorney fee in this case was determined under a contingent fee agreement between the personal representative and his counsel. The trial court heard uncontradicted evidence that the terms of the agreement were customary in this kind of case and that the amount was reasonable.

In the trial court the petitioners claimed that the fees should not be charged against their shares of the settlement because they had not consented to the contract, but they do not press that argument on appeal. Instead, they contend that no part of the fee should be deducted from their shares because the personal representative's counsel, at the hearing on the disposition of the settlement proceeds, took a position adverse to that of petitioners. The exchanges upon which petitioners rely in support of this contention took place when petitioners' counsel was trying to elicit testimony in support of his argument that the approval of the settlement should be set aside. The trial court ruled repeatedly that that issue had already been determined and was not properly before the court. Petitioners made no contention at that time that the attorney fee provided by the agreement was unreasonable, and made no showing that the personal representative's attorney had not adequately represented the interests of all the beneficiaries during the preparation of the action and the settlement negotiations. We find no grounds in the record for disturbing the trial court's order as to the attorney fees.

We have not discussed in any detail the petitioners' arguments that the personal interests of the decedent's husband were in conflict with his fiduciary duties to the other beneficiaries of the wrongful death claim. That is because, as we construe the wrongful death statutes, this appeal does not raise any cognizable claim of a breach of those duties. Nothing in this opinion is intended, however, to foreclose the petitioners from litigating such a claim in a proper proceeding.

The decision of the Court of Appeals is affirmed.