406 So.2d 867 (1981)
David McMICKENS, Administrator of The Estate of LaVonne McMickens
v.
Edwin Glen WALDROP, M. D., et al.
80-395.
Supreme Court of Alabama.
September 25, 1981.
Rehearing Denied November 6, 1981.
*868 P. Russell Tarver, Birmingham, for appellant.
John F. Whitaker and Catherine E. Crudup of Sadler, Sadler, Sullivan, Sharp & Stutts, Birmingham, for appellees.
MADDOX, Justice.
The only issue on this appeal is whether to apply the medical malpractice statute of limitations or the wrongful death statute of limitations. The viability of this action for wrongful death allegedly arising out of an act of medical malpractice depends on the resolution of this question, which is one of first impression in the State of Alabama.
The Alabama Medical Liability Act (Code 1975, § 6-5-480, et seq.,) provides that all actions against physicians for malpractice must be brought within two years of the act giving rise to the claim, or within six months of date of discovery, and in no event more than four years from the date of the act. The wrongful death statute (Code 1975, § 6-5-410), provides that the action must be brought within two years from and after the date of death.
Appellant David McMickens is the representative of the estate of his deceased wife, LaVonne McMickens, and is suing Dr. Edwin G. Waldrop and Dr. William H. Brakefield of Birmingham. The following timetable is helpful:

February 10, 1975 -
 May 24, 1975 LaVonne McMickens under the
 care of Drs. Waldrop and
 Brakefield.
March 24, 1977 Civil suit filed by LaVonne
 McMickens against Drs. Waldrop
 and Brakefield for medical
 malpractice.
October 30, 1977 LaVonne McMickens died.
August 24, 1978 Civil suit dismissed on joint
 motion of all parties.[1]
October 29,1979 (a) David McMickens appointed
 administrator of LaVonne's
 estate.
 (b) David McMickens filed a
 wrongful death action against
 the defendants Waldrop and
 Brakefield.
January 26, 1981 Summary judgment granted
 for defendants.
March 6, 1981 David McMickens filed notice
 of appeal.

Appellant argues that the Wrongful Death Act statute of limitations should apply to this lawsuit even though the act giving rise to the cause of action arose out of an alleged act of medical malpractice. Appellees, on the other hand, contend that the Alabama Medical Liability Act (Acts 1975, No. 513, Code 1975, § 6-5-480, et seq.,) "provides a carefully designed statute of limitations which by its terms applies to `all actions' for medical malpractice." We agree with the appellant.
*869 The precise wording of the Alabama Medical Liability Act is as follows:

All actions against physicians, surgeons,... for liability, error, mistake or failure to cure, whether based on contract or tort, must be commenced within two years next after the act or omission or failure giving rise to the claim, and not afterwards; ... [or] the action may be commenced within six months from the date of such discovery or the date of discovery of facts which would reasonably lead to such discovery, ... [but] in no event may the action be commenced more than four years after such act; ... [Emphasis added.]
Appellees contend that the use of the words "all actions" in the Alabama Medical Liability Act clearly shows a legislative intent to include wrongful death actions. In this case, if the Alabama Medical Liability Act applies, the action was barred because the last treatment administered to Mrs. McMickens by the defendants was four years and five months before the wrongful death action was filed.
There is no clear weight of authority in other jurisdictions on the question whether a medical malpractice statute of limitations or the wrongful death statute of limitations should apply when the genesis of the wrongful death action was medical malpractice. Some jurisdictions, construing provisions of their own state laws on the subject, hold that if death results from the wrongful act, the statute of limitations for wrongful death actions applies. See Baxter v. Zeller, 42 Or.App. 873, 601 P.2d 902 (1979); Hachmann v. Mayo Clinic, 150 F.Supp. 468 (D.Minn.1957); Klema v. St. Elizabeth's Hospital of Youngstown, 170 Ohio St. 519, 166 N.E.2d 765 (1960); Baysinger v. Hanser, 355 Mo. 1042, 199 S.W.2d 644 (1947) (court applied shorter wrongful death statute, even though suit was timely if the medical malpractice statute had been applied).
Other jurisdictions have come to an exactly opposite conclusion and have applied the medical malpractice statute of limitations to a wrongful death action which arose out of an alleged claim of malpractice. See Pasquale v. Chandler, 350 Mass. 450, 215 N.E. 319 (1966); Camp v. Martin, 150 Ga.App. 51, 256 S.E.2d 657 (1979); Glass v. Camara, 369 So.2d 625 (Fla.Dist.Ct.App. 1979); Eland v. Aylward, 373 So.2d 92 (Fla. Dist.Ct.App.1979).
As previously indicated, this is a case of first impression in Alabama and, as indicated, other jurisdictions reach different results; therefore, we must decide this case by construing the intent of the Alabama Legislature in passing the Alabama Medical Liability Act, and the effect of that Act, if any, upon the right of a personal representative to bring an action for wrongful death within two years of the death of his "testator or intestate." Code 1975, § 6-5-410.
The law of Alabama for many years has been that the two-year period provided for in the Wrongful Death Statute is a part of the substantive cause of action and is not to be treated as a statute of limitations. After two years, the remedy expires. Downtown Nursing Home v. Pool, 375 So.2d 465 (Ala.1979).
In view of the above, we conclude that the medical malpractice statute of limitations does not apply; therefore, the judgment of dismissal is due to be reversed and the cause remanded. Our decision should not be construed as holding that the legislature could not modify or change the two-year period now a part of the Wrongful Death Statute; we only hold that by passage of the Medical Malpractice Act, the legislature did not affect that two-year period.
REVERSED AND REMANDED.
TORBERT, C. J., and ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
FAULKNER, JONES and EMBRY, JJ., concur specially.
EMBRY, Justice (concurring specially):
I concur in the result in this case but wish to reassert my views regarding the unconstitutionality of the Alabama Medical Liability Act expressed in my dissent in Reese *870 v. Rankin Fite Memorial Hospital, 403 So.2d 158 (Ala.1981). Because I do not believe that act is constitutionally valid, I see no issue raised by it in the context of this action.
FAULKNER, J., concurs.

ON REHEARING EX MERO MOTU
PER CURIAM.
ON REHEARING, EX MERO MOTU, SPECIAL CONCURRENCE OF 9-25-81 WITHDRAWN AND SPECIAL CONCURENCE OF 11-6-81 SUBSTITUTED THEREFOR; AND APPLICATION FOR REHEARING DENIED.
JONES, Justice (concurring specially):
This cause having been placed on rehearing ex mero motu, the special concurrence accompanying the opinion released on September 25, 1981, is withdrawn, and the following special concurrence is substituted therefor.
I concur specially to emphasize the significance of the holding in contexts outside and beyond the facts of the instant case. Here, the wrongful death two-year period has the effect of "extending" the time period within which to commence the wrongful death action. In the context of the discovery or tolling provisions of the Medical Liability Act, however, it could have the effect of "shortening," rather than "extending," the time frame for commencing the action. In other words, with respect to the "lengthening" or "shortening" of the period of limitations, the Medical Liability Act's discovery and tolling provisions are inapplicable to a wrongful death action. Nicholson v. Lockwood Greene Engineers, Inc., 278 Ala. 497, 179 So.2d 76 (1965). See, also, Pollard v. United States, 384 F.Supp. 304, (M.D.Ala.1974). Because the Wrongful Death Act contains the only statute of limitations applicable to wrongful death actions, its two-year period from the time of death, within which the action may be commenced, is unaffected by the discovery or tolling provisions in the Medical Liability Act.
This is not to say, however, that the discovery and tolling provisions of the Medical Liability Act have no field of operation in testing whether "the ... intestate could have commenced an action ... if [the injury] had not caused death." § 6-5-410(a). In other words, while the Wrongful Death Act's two-year period is unaffected by any of the provisions of the Medical Liability Act, the discovery and tolling provisions of the latter act may be crucial in determining whether an action for wrongful death survives.
A couple of examples may be helpful: Suppose the parents of a minor who died at age two, allegedly caused by medical malpractice, brought suit just prior to the child's eighth birthday. Clearly, the statute of limitations defense would prevail because the tolling provision of the Medical Liability Act ("until his eighth birthday") could not be invoked to lengthen the Wrongful Death Act's two-year period of limitations. On the other hand, if the child died just prior to his eighth birthday, allegedly the result of a medical malpractice injury at the age of two, the Wrongful Death action could be commenced within two years from the date of the child's death. The discovery provisions of the Medical Liability Act are subject to like application.
Stated another way, nothing in the Medical Liability Act can lengthen or shorten the two-year provision in the Wrongful Death Act; but, depending upon the facts of any given case, the discovery and tolling provisions of the Medical Liability Act may be determinative of whether the intestate's cause of action survives the death, i.e, whether the intestate, at the time of death, could have commenced the action had the injury not caused death.
NOTES
[1] By agreeing to the dismissal of the malpractice suit, plaintiff apparently was merely recognizing the procedural requirement of Parker v. Fies & Sons, 243 Ala. 348, 10 So.2d 13 (Ala.1942), which requires that the previously filed personal injury suit cannot be amended to allege wrongful death, but must be dismissed and a new suit brought.