Argued and submitted October 21, 1981, affirmed February 8,
reconsideration denied April 13,
petition for review denied May 18, 1982 (293 Or 146)

## DEMARS et al,
*Appellants,*

*v.*

## ERDE et al,
*Respondents.*

## (No. A7906-02639, CA 18501)

640 P2d 635

Magar E. Magar, Portland, argued the cause and filed the briefs for appellants.

James E. Mountain, Jr., Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

THORNTON, J.

## THORNTON, J.

In this appeal, plaintiffs seek review of a pre-trial dismissal of their first cause of action and the judgment on a jury verdict in their second cause of action. We affirm.

Plaintiffs contracted with defendant University of Oregon Health Science Center (Center) for the delivery of their child. On June 14, 1978, the plaintiffs' child was stillborn. No autopsy was performed.

On June 5, 1979, plaintiffs filed an action against the Center and three physician employes. They alleged in their first cause of action that defendants failed to diagnose properly the mother's labor pains and negligently failed to deliver the child by Caesarean section. The complaint states that as a proximate result of these acts, plaintiffs "suffered severe emotional distress, pain and suffering to their damages in the amount of $100,000." In the second cause of action, plaintiffs alleged that defendants negligently lost or mislaid the remains of the stillborn child and failed to perform an autopsy as agreed. They alleged that these acts caused plaintiffs great emotional distress. Defendants answered denying the allegations of negligence.

On June 24, 1980, prior to trial, defendants moved to dismiss plaintiffs' first cause of action. Defendants argued that, because it was a claim for wrongful death, it had to be filed by a personal representative of the stillborn child, not by the parents, and, therefore, it did not state a claim and should be dismissed. Plaintiffs argued that this was a real party in interest assertion and was waived under ORCP 21 G(2). The trial court granted the motion to dismiss the first cause of action. The second cause of action went to trial, and the jury returned a verdict in favor of defendants.

Plaintiffs' first cause of action is ambiguous. It could be interpreted to present a claim outside the Wrongful Death Act (Act), ORS 30.010-30.100, for the pain and suffering of plaintiffs that resulted from the negligent acts of defendants. Plaintiffs contend, however, that their first

cause of action was for the wrongful death of the stillborn child under the Act, and we treat it as such on this appeal.[1]

■ The purpose of the Act is to afford a remedy in wrongful death cases where no remedy existed at common law. *Fergison v. Belmont Conv. Hospital,* 217 Or 453, 343 P2d 243 (1959); *Cowgill, Adm'r. v. Boock, Adm'r.,* 189 Or 282, 218 P2d 445 (1950); *Baxter v. Zeller,* 42 Or App 873, 877, 601 P2d 902, *rev den* 288 Or 253 (1979). Therefore, in order to state a cause of action for wrongful death, plaintiffs must allege facts that bring their claim within the Act. If they do not, plaintiffs fail to state a claim.

■ ■ Assuming, without deciding, that the trial court improperly dismissed plaintiffs' first cause of action because it had not been brought in the name of a personal representative, *see* ORCP 26, we hold that the dismissal of the first cause of action does not require reversal. Plaintiffs failed to state ultimate facts sufficient to constitute a claim, ORCP 21 A(8), because there is no allegation of damages recoverable under the Act. Although defendants concede this contention is made for the first time on appeal, a failure to state facts constituting a claim may be first raised on appeal. *Adair, Adm'r. v. Valley Flying Service,* 196 Or 479, 250 P2d 104 (1952).

■ Plaintiffs allege that, as a proximate result of the death of their child, they "suffered severe emotional distress, pain and suffering to their damages in the amount of $100,000." Plaintiffs do not allege any other harm or injury in their first cause of action. The term "pecuniary loss," as used in the Act, does not include compensation for mental suffering of surviving parents or relatives. *Escobedo v. Ward,* 255 Or 85, 99, 464 P2d 698 (1970); *Scott v. Brogan,* 157 Or 549, 554, 73 P2d 688 (1937). The terms "loss of the society, companionship and services" of the decedent, ORS 30.020(2)(d), do not contemplate a claim for a survivor's pain and suffering.[2] Those terms refer to the prospective

---

[1] In *Libbee v. Permanente Clinic,* 268 Or 258, 518 P2d 636 (1974), the court recognized the right to bring a cause of action for the wrongful death of a stillborn child.

[2] Proposed 1973 amendments to ORS 30.020 originally contained a provision that a survivor's mental anguish be compensable under the wrongful death law. H.B. 2350 (1973). That provision was deleted from the amendments passed by the legislature. Or Laws 1973, ch 718.

advantages to the surviving beneficiaries which are lost as a result of the decedent's death.[3] We recognize the difficulty in proof of the prospective loss to parents of a relationship which has never begun, as in the case of a stillborn child. *See Libbee v. Permanente Clinic,* 268 Or 258, 264, 518 P2d 636 (1974). Nonetheless, the right to recover is limited by the terms of the Act. In the present case, plaintiffs failed to allege any compensable loss in their first cause of action. As a result, they failed to state a claim for recovery under the Act. We affirm the trial court's dismissal of plaintiffs' first cause of action.

■ Plaintiffs' other assignment of error concerns the jury verdict on the second cause of action. Plaintiffs claim that the trial court erred in allowing the jury to consider and respond to the following verdict form:

"We, the jury, duly empanelled and sworn to try the above entitled case, find our verdict against the plaintiffs and in favor of defendants."

During trial, plaintiffs were granted a motion for directed verdict on liability with respect to the failure of defendants to have performed an autopsy once it was contracted for. The court stated on that claim that the only issue was "what, if any, damages resulted from that." Plaintiffs argue that, a directed verdict having been granted on liability, the above verdict form was "contrary to the weight of the evidence and illegal." They contend that the jury should have been allowed to consider and respond to verdict forms only on the amount of damages suffered under the second cause of action.

Plaintiffs have failed to designate for inclusion in the record a transcript of the court's jury instructions. Plaintiffs' attorney contends he does not know how the above verdict form came to be submitted to the jury. Plaintiffs concede, however, that no objection was made to the verdict form at trial. In *Smith v. J.C. Penney Co.,* 269 Or 643, 655, 525 P2d 1299 (1975), the court repeated the following rule based on previous decisions:

"* * * In all cases in which the validity of a verdict is doubtful, an objection must be made in order that the trial

---

[3] *See* 1 S. Speiser, *Recovery for Wrongful Death* § 3:52 (2d ed 1975).

court can decide whether the verdict is faulty. If it is, the trial court can decide whether to resubmit the case to the jury and have the case decided correctly by the jury which has heard the case."

Assuming for the sake of argument that the verdict form submitted was "illegal" and contrary to the evidence as plaintiffs contend, they failed to preserve their objection to it either before the trial court or on appeal. Not only have plaintiffs failed to designate pertinent portions of the transcript for review, *see H.N.M. Enterprises, Inc. v. Hamilton,* 49 Or App 613, 621 P2d 57, *rev den* 290 Or 449 (1980), but, as plaintiffs concede, no objection was in fact taken at trial. Thus, plaintiffs are not entitled to appellate review of the issue.

Affirmed.