Argued and submitted January 16, affirmed May 9, 1984

OLSON, dba C & B Olson
Construction Company,
*Appellant,*

*v.*

WHEELOCK et al,
*Respondents.*

(8106-03404; CA A27165)

680 P2d 719

C. Douglas Oliver, Portland, argued the cause and filed the brief for appellant.

Thomas Sauberli, Portland, argued the cause for respondents. With him on the brief were Walter H. Sweek and Vergeer, Roehr & Sweek, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff appeals a judgment entered in favor of defendants in this action for legal malpractice. The complaint alleges that defendants were negligent in allowing plaintiff's underlying claim for violation of Oregon's Anti-trust Law, ORS 646.725,[1] to be dismissed for want of prosecution. The trial court granted defendants' motion for summary judgment on the ground that plaintiff's only evidence of the alleged violation of ORS 646.725 was inadmissible hearsay.

Defendants argue for the first time on appeal that plaintiff's antitrust complaint did not state facts sufficient to constitute a claim for relief. *See Adair, Adm'x v. Valley Flying Service,* 196 Or 479, 485, 250 P2d 104 (1952); *Demars v. Erde,* 55 Or App 863, 866, 640 P2d 635, *rev den* 293 Or 146 (1982). We agree and therefore affirm, albeit for reasons different from those relied on by the trial court.

■ The malpractice complaint incorporates by reference the underlying antitrust complaint, which alleged that the defendants in that case had engaged in conduct on or about October 23, 1973, in violation of ORS 646.725, which is part of the state's "Anti-trust Law," which was not enacted until 1975, Or Laws 1975, ch 255, § 4, and did not become effective until September 12, 1975. That law does not contain an express direction that it be applied retroactively. *See Hall v. Northwest Outward Bound School,* 280 Or 655, 660, 572 P2d 1007 (1977). It does not address matters of a remedial or procedural nature only, *see Joseph v. Lowery,* 261 Or 545, 495 P2d 273 (1972); it creates a new statutory civil remedy authorizing the recovery of treble damages by persons injured by a violation. ORS 646.780. Violations of the statute may result in criminal prosecutions. ORS 646.815. For those reasons, we conclude that the legislature intended the statute to apply prospectively only. *See Hemstreet v. Warlick,* 281 Or 579, 586 n 3, 576 P2d 1 (1978), citing *Perkins v. Willamette Industries, Inc.,* 273 Or 566, 570-71, 542 P2d 473 (1975).

---

[1] ORS 646.725 provides:

"Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce is declared to be illegal."

It appears, therefore, from the face of the malpractice complaint that, as a matter of law, plaintiff could not have prevailed on the antitrust claim alleged.[2] Because plaintiff could not have prevailed on the antitrust complaint and because the only specification of negligence alleged in the malpractice complaint is the defendants' allowing the underlying case to be dismissed for want of prosecution, summary judgment in favor of defendants was proper. *Chocktoot v. Smith*, 280 Or 567, 571 P2d 1255 (1977).

Affirmed.

---

[2] Plaintiff conceded during oral argument that the antitrust complaint did not state a claim under the Sherman Act, 15 USC §§ 1-7 (1982); federal courts have exclusive jurisdiction of those claims in any event. 15 USC § 4; *see also, e.g., Miller v. Grandados*, 529 F2d 393, 395 (5th Cir 1976); *Armstrong v. Taco Time Intern., Inc.*, 30 Wash App 538, 635 P2d 1114 (1981). Neither does plaintiff contend that the antitrust complaint stated a claim for relief under the common law governing unreasonable restraints of trade.