Argued and submitted January 13, affirmed February 22, reconsideration denied April 21, petition for review denied May 31, 1989 (308 Or 79)

# PLATTNER,
*Appellant,*

*v.*

# VIP'S INDUSTRIES, INC.,
dba T & R Restaurant and Lounge,
*Respondent.*

## (88-0089; CA A49348)

768 P2d 440

Melvin T. Rollema, Albany, argued the cause and filed the brief for appellant.

Lann D. Leslie, Eugene, argued the cause for respondent. With him on the brief were George A. Burgott and Atherly, Butler & Burgott, Eugene.

Before Graber, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

Plaintiff appeals after the trial court dismissed her complaint for failure to state ultimate facts sufficient to constitute a claim. ORCP 21A. We affirm.

■        Plaintiff alleged that her decedent was a patron of defendant's commercial liquor establishment and that it served him alcoholic beverages while the decedent was visibly intoxicated. After leaving defendant's lounge, he lost control of his vehicle and collided with a tree, resulting in his death. Plaintiff's wrongful death claim is based on allegations of common law negligence. We assume the facts pled to be true. *Sager v. McClenden,* 296 Or 33, 35, 672 P2d 697 (1983).

Oregon has never recognized a common law claim against an alcohol provider in favor of a person who suffers injury from his or her own intoxication. *Sager v. McClenden, supra,* 296 Or at 35; *Miller v. City of Portland,* 288 Or 271, 279, 604 P2d 1261 (1980). Plaintiff urges us, relying on *Fazzolari v. Portland School Dist. No. 1J,* 303 Or 1, 734 P2d 1326 (1987), to do so now, arguing that an alcohol provider's conduct in serving a visibly intoxicated person creates a foreseeable risk of harm to that person and is negligence, which a jury is entitled to compare to the patron's negligence.[1]

Under similar facts, the Supreme Court held in *Sager v. McClenden, supra,* that ORS 30.950[2] does not create a

---

[1] Under *Fazzolari,* in order to survive a motion to dismiss, a negligence complaint must allege facts from which a factfinder could determine:

"(1) that defendant's conduct caused a foreseeable risk of harm, (2) that the risk is to an interest of a kind that the law protects against negligent invasion, (3) that defendant's conduct was unreasonable in light of the risk, (4) that the conduct was a cause of plaintiff's harm, and, (5) that plaintiff, was within the class of persons and plaintiff's injury was within the general type of potential incidents and injuries that made defendant's conduct negligent." *Solberg v. Johnson,* 306 Or 484, 490, 750 P2d 1190 (1988).

[2] ORS 30.950 now provides:

"No licensee, permittee or social host is liable for damages incurred or caused by intoxicated patrons or guests of the licensee, permittee or social host's premises unless:

"(1) The licensee, permittee or social host has served or provided the patron alcoholic beverages to the patron or guest while the patron or guest was visibly intoxicated; and

"(2) The plaintiff proves by clear and convincing evidence that the patron or

statutory tort claim in favor of visibly intoxicated patrons injured off premises against liquor licensees who serve them. 296 Or at 40. In *Miller v. City of Portland, supra,* the court ruled that it was inappropriate to create a common law action for the benefit of an intoxicated minor because *former* ORS 30.730[3] created a cause of action only on behalf of the inebriate's immediate family. The court reasoned that, in enacting *former* ORS 30.730, the legislature must have considered and rejected any cause of action on behalf of the minor. 288 Or at 280.

■　　The legislature intended ORS 30.950, *former* ORS 30.955 and ORS 30.960 to replace ORS 30.730 which was repealed in 1979. The legislative history of ORS 30.950 indicates that its purpose is to confine the judicially created liability of alcohol servers to *third parties. Hawkins v. Conklin,* 307 Or 262, 268, 767 P2d 66 (1988); *Gattman v. Favro,* 306 Or 11, 19, 752 P2d 402 (1988); *Sager v. McClenden, supra,* 296 Or at 37-40.

　　It is presumed that, in enacting subsequent legislation, the legislature was aware of the policy underlying earlier enactments. *State v. Waterhouse,* 209 Or 424, 436, 307 P2d 327 (1957). Had the legislature intended ORS 30.950 to permit actions by patrons, it could have expressly done so; instead, it chose to limit the liability of the server to third parties only. We conclude that limitation applies to common law claims as well as to statutory claims.

　　Affirmed.

---

guest was served alcoholic beverages while visibly intoxicated."

When *Sager* was decided, ORS 30.950 did not include "social hosts" within its scope. *Former* ORS 30.955 served that purpose. The 1987 legislature repealed ORS 30.955 and amended ORS 30.950 to include "social hosts." Or Laws 1987, ch 774, §§ 13, 14. It also added subsection (2).

[3] *Former* ORS 30.730 provided:

　　"Any person who shall bargain, sell, exchange or give to any intoxicated person or habitual drunkard spirituous, vinous, malt or intoxicating liquors shall be liable for all damage resulting in whole or in part therefrom, in an action brought by the wife, husband, parent or child of such intoxicated person or habitual drunkard. The act of any agent or employe shall be deemed the act of his principal or employer for the purposes of this section."