Argued and submitted January 17, affirmed February 21, 1990

## HORWELL,
*Appellant,*

*v.*

## OREGON EPISCOPAL SCHOOL et al,
*Respondents.*

(87-6-75; CA A50020)

787 P2d 502

Henry J. Kaplan, Portland, argued the cause for appellant. With him on the briefs was Bennett, Hartman, Tauman & Reynolds, P.C., Portland.

Mildred J. Carmack, Portland, argued the cause for respondents. With her on the brief were Mark H. Wagner, Jeffrey R. Street and Schwabe, Williamson & Wyatt, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff appeals from a summary judgment for defendants Oregon Episcopal School and Summers[1] in this action for negligent infliction of emotional distress and loss of parental consortium. Plaintiff is the minor daughter of Marion Horwell, who died allegedly as the result of defendants' negligence in connection with a mountain climbing expedition. After alleging the details of the expedition and the negligence, plaintiff alleged:

> "As a direct and proximate result of defendants' negligence as set forth above, Marion Horwell developed hypothermia and died.
>
> "* * * * *
>
> "As a direct and proximate result of Marion Horwell's death, plaintiff suffered damages for emotional distress and will continue to suffer for the rest of her life in the amount of $1,000,000.
>
> "* * * * *
>
> "Plaintiff suffered damages for the loss of consortium of her mother in the amount of $1,000,000."

In support of their motion for summary judgment, defendants argued, first, that the action is, in substance, one for wrongful death and does not comply with the statutory requirements for such an action.[2] Second, defendants argued that the claim for emotional distress damages here is not viable in the light of *Saechao v. Matsakoun,* 78 Or App 340, 717 P2d 165, *rev dismissed* 302 Or 155 (1986), and that plaintiff's loss of consortium claim cannot be maintained in the light of *Norwest v. Presbyterian Intercommunity Hosp.,* 293 Or 543, 652 P2d 318 (1982). The trial court agreed with defendants' second argument and rejected plaintiff's contention that the cited cases were inconsistent with or were implicitly

---

[1] In the balance of this opinion, we use the term "defendants" to refer to them. The ORCP 67B judgment in their favor does not dispose of plaintiff's claims against the Estate of Thomas Goman.

[2] Marion Horwell's personal representative brought a separate wrongful death action, based on the same events. The trial court dismissed that action on the ground that the events occurred in the course of the decedent's employment and so the exclusive remedy was under the Workers' Compensation Law. We affirmed without opinion. *Penater v. Oregon Episcopal School and Summers et al,* 95 Or App 582, 772 P2d 454, *rev den* 308 Or 158 (1989).

overruled by *Fazzolari v. Portland School Dist. No. 1J,* 303 Or 1, 734 P2d 1326 (1987). We agree with defendants' first argument and, therefore, do not reach their second.

■     ORS 30.020(1) provides:

"When the death of a person is caused by the wrongful act or omission of another, the personal representative of the decedent, for the benefit of the decedent's surviving spouse, surviving children, surviving parents and other individuals, if any, who under the law of intestate succession of the state of the decedent's domicile would be entitled to inherit the personal property of the decedent, may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived, against the wrongdoer for an injury done by the same act or omission. The action shall be commenced within three years after the occurrence of the injury causing the death of the decedent."

Included in the damages that are recoverable in a wrongful death action under ORS 30.020(2)(d) are those that:

"Justly, fairly and reasonably compensate * * * the decedent's spouse, children and parents for pecuniary loss and for loss of the society, companionship and services of the decedent * * *."

Emotional distress damages are not recoverable in a wrongful death action. *Demars v. Erde,* 55 Or App 863, 640 P2d 635, *rev den* 293 Or 146 (1982).

■■     Under the statute, wrongful death actions may only be brought by the decedent's personal representative for the benefit of the designated beneficiaries, including children of the decedent. *See Hughes v. White,* 289 Or 13, 609 P2d 365 (1980). Plaintiff acknowledges that her action does not comport with the wrongful death statute, because she brought it individually and some of the damages she seeks are not allowable under the statute. She argues, however, that this is not a wrongful death action, but one that she brought to recover damages that she sustained personally as a consequence of her mother's death. She contends that the wrongful death statute is not exclusive and that it does not preempt the common law claims that she is pursuing in this case.[3]

---

[3] We assume, for purposes of discussion only, that individual claims of the kind that plaintiff asserts would be actionable under circumstances where the wrongful death statute does not apply. *But see Saechao v. Matsakoun, supra,* and *Norwest v. Presbyterian Intercommunity Hosp., supra.*

Plaintiff's argument is a word game. Whether or not the remedy created by the wrongful death statute precludes all common law claims arising out of the death of a beneficiary's deceased, *compare Evans v. Salem Hospital,* 83 Or App 23, 730 P2d 562 (1986), *rev den* 303 Or 331 (1987), this action falls squarely within the statute. Plaintiff's attempt to place a different label on it cannot alter the fact that it *is,* in substance, a wrongful death action. She alleges the death of her mother, due to defendants' acts or omissions, under circumstances that would have enabled her mother to maintain an action against defendants had she lived. Moreover, the loss of consortium claim is expressly subject to the statute, and damages for it would be available to plaintiff as a beneficiary under ORS 30.020.

Plaintiff also attempts to extract this case from the statute by urging that some of the damages that she seeks are not recoverable under ORS 30.020. She points in particular to damages suffered by Marion Horwell before her death and to the emotional distress damages that plaintiff suffered as a result of her mother's death. Plaintiff is incorrect in her understanding that the damages that her mother sustained before she died are not compensable under and subject to the statute. *See* ORS 30.020(2)(b). Fundamentally, however, the fact that damages are sought that the wrongful death statute does not permit does not mean that an action to which the statute applies is something other than a wrongful death action. It means instead that those damages are not recoverable in the action. *See Demars v. Erde, supra.* Entry of a summary judgment for defendants was correct.

Affirmed.