Diana L. HUNT;
Cody Joe Hunt, by and through
Diana L. Hunt, his Guardian Ad Litem;
and Cady Mae Hunt, by and through
Diana L. Hunt, her Guardian Ad Litem,
*Appellants,*

*v.*

Dorothy M. EVENOFF,
Sunriver Properties Oregon, Ltd.,
and Sunriver Property Management, Inc.;
*Respondents.*

(90-CV-0302-MS; CA A67893)

829 P2d 1051

L. Ross Brown, Bend, filed the brief for appellants.

John F. Kilcullen, Eugene, argued the cause for respondents. With him on the brief were Larry A. Brown and Brown, Roseta, Long & McConville, Eugene.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

PER CURIAM

## PER CURIAM

Plaintiffs, the wife and children of Jody Thomas Hunt, brought this action against the defendant alcohol purveyors, contending that they served liquor to Hunt while he was visibly intoxicated and that, as a result, he drove while intoxicated and was killed in a one-car accident. Plaintiffs do not call their action one for wrongful death, but rather seek damages that they maintain that they suffered personally because of Hunt's death. The trial court granted defendants' motion to dismiss.

Although plaintiffs do not call this a wrongful death action, that is the only kind of action that they could bring on the facts alleged, and their complaint does not comply with the requirements of the wrongful death statute. *See Horwell v. Oregon Episcopal School*, 100 Or App 571, 787 P2d 502 (1990). A wrongful death action may be maintained only under circumstances in which "the decedent might have maintained an action, had the decedent lived." ORS 30.020(1). Under *Sager v. McClenden*, 296 Or 33, 672 P2d 697 (1983), Hunt could not have pursued an action against defendants for injuries resulting from their serving intoxicants to him. *See also Plattner v. VIP's Industries, Inc.*, 95 Or App 351, 768 P2d 440, *rev den* 308 Or 79 (1989). Plaintiffs advance a lucid argument to the effect that *Sager* either does not say what it says or was wrong in saying it, at least as it bears inferentially on potential recovery by an inebriate's family members. That argument must be addressed to the Supreme Court or the legislature. *See* ORS 30.950.

Affirmed.